UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>   Plaintiff,<br><br>      v.<br><br>EXPERIAN HOLDINGS, INC., et al.,<br><br>   Defendants. | Case No. 16-cv-06508-SI<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 16 |

Now before the Court is defendants Experian Holdings, Inc. and Experian Information Solutions, Inc.'s (collectively, "Experian's") motion to transfer venue to the Central District of California. Docket 16. Defendant T-Mobile USA, Inc. ("T-Mobile") has separately filed a motion to compel arbitration. Docket 28. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for February 17, 2017. For the reasons set forth below, the Court GRANTS Experian's motion to transfer venue to the Central District of California and DENIES T-Mobile's motion to compel arbitration without prejudice.

**BACKGROUND**

In his First Amended Complaint ("FAC"), *pro se* plaintiff John Brosnan alleges defendants Experian and T-Mobile negligently failed to safeguard his personal information, including his name, address, date of birth, and social security number. FAC (Docket 1) ¶¶ 3-4. Plaintiff alleges that his personal information was compromised when an unauthorized party breached an Experian server in September 2015. Mot. to Transfer (Docket 16) at 1. On October 1, 2015, Experian announced the breach and disclosed that approximately 15 million T-Mobile customers' personal

information had been compromised. FAC ¶¶ 18-19.

News of the breach led to nationwide litigation. *See* Mot. to Transfer at 1. The first action, *Bhuta v. Experian*, No. 8:15-mc-80297, was filed in the Central District of California and assigned to the Honorable Andrew J. Guilford. *Id.* Several related lawsuits were consolidated with *Bhuta* and proceed before Judge Guilford in a single action, *In re Experian Data Breach Litigation*. *Id.*; *see* Experian Req. for Judicial Notice ("RJN"), Ex. 3 (Docket 17-4).[1] Judge Guilford has appointed co-lead counsel and a steering committee in that litigation and ordered that any action involving similar claims that is filed in or transferred to the Central District shall be consolidated with that action. *Id.*; RJN, Exs. 3-4.

On December 23, 2016, Experian filed this motion to transfer venue to the Central District of California. Docket 16. On January 4, 2017, the Court ordered the parties to show cause why the case should not be transferred. Docket 25. T-Mobile responded to the show cause order on January 12, 2017. Docket 31. Plaintiff neither opposed this motion to transfer nor responded to the show cause order. Indeed, plaintiff previously asked another judge in this district to transfer his case "to the same judge assigned to the Bhuta v. Experian case." Docket 25 at 1 (citing Docket 5, Case No. 15-mc-80297-WHA (N.D. Cal. filed Dec. 1, 2015)).

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted).

---

[1] Experian asks that the Court take judicial notice of filings and orders from the United States District Court for the Central District of California. RJN (Docket 17). Federal Rule of Evidence 201 permits a court to take judicial notice of facts "not subject to reasonable dispute." Fed. R. Evid. 201. Further, a court can "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Ranchiera Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The Court finds that the Central District orders and filings are appropriate for judicial notice, and, in the absence of any opposition, GRANTS Experian's request.

The party moving for transfer must first establish subject matter jurisdiction, personal jurisdiction, and venue in the transferee district. *Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). Next the moving party must show "the transfer will serve the convenience of the parties and witnesses and will promote the interest of justice." *Id.* A "district court has discretion to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). In making the determination, a court may consider: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014).

## DISCUSSION

Experian must first establish that this action could have been brought in the Central District. *Metz*, 674 F. Supp. 2d at 1145. This requires establishing that the Central District has subject matter jurisdiction and personal jurisdiction over the claims and the parties, and that the Central District is a proper venue. *See id.*

### I. JURISDICTION AND VENUE

The transferee district must have subject matter jurisdiction. *Duong v. ITT Educ. Servs., Inc.*, No. 14-2653, 2014 WL 3772829, at *3 (N.D. Cal. July 31, 2014). A federal district court has subject matter jurisdiction for actions arising under federal law. 28 U.S.C. § 1331. Plaintiff alleges violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* FAC ¶ 10. Thus, the Central District has subject matter jurisdiction over this dispute.

The Central District must also have personal jurisdiction over the defendants. *Duong*, 2014 WL 3772829, at *3. No party contends that personal jurisdiction is improper in the Central District of California. "'[T]he paradigm forum for the exercise of general jurisdiction over a

3

1  corporation is 'one in which the corporation is fairly regarded as at home,' such as the place of
2  incorporation and principal place of business." *Best Odds Corp. v. iBus Media Ltd.*, 655 F. App'x
3  582, 582 (9th Cir. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)).
4  Experian's principal place of business is Costa Mesa, CA. Cannon Decl. (Docket 16-2). Thus, the
5  Central District has personal jurisdiction over Experian.

6  Additionally, the Central District has personal jurisdiction over T-Mobile. Specific
7  jurisdiction arises where a party (1) purposefully directs activities to the forum or consummates a
8  transaction with a forum resident, (2) the claim arises from the forum-related activities, and (3)
9  exercise of jurisdiction is reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d
10 1124, 1128 (9th Cir. 2010). Plaintiff's repeated contacts with T-Mobile occurred in California
11 from 2013 to 2015. FAC ¶ 11; T-Mobile Opp'n (Docket 31) at 1-2. These contacts consisted of
12 the purchase of cellular services and cellular devices. FAC ¶ 27; T-Mobile Opp'n at 4. Certain of
13 these transactions required that plaintiff enter into contracts with T-Mobile. T-Mobile Opp'n at 4.
14 Plaintiff's claims arise from these contracts because plaintiff alleges T-Mobile failed to protect
15 personal information that plaintiff disclosed while entering into these contracts. FAC ¶¶ 3-4.
16 Accordingly, personal jurisdiction is proper in the Central District. *See Ballard v. Savage*, 65 F.3d
17 1495, 1500 (9th Cir. 1995) (stating that personal jurisdiction is reasonable where the defendant
18 "purposefully availed itself of the privilege of doing business in the [forum]").

19 Finally, venue must be proper in the Central District. *Duong,* WL 3772829, at *3. Venue
20 is proper if Experian and T-Mobile reside in the Central District. *See* 28 U.S.C. § 1391(b)(1). For
21 venue purposes, a corporate defendant resides in any judicial district where the corporation is
22 subject to the court's personal jurisdiction. *Id*. § 1391 (c)(2). As discussed, the Central District
23 has personal jurisdiction over Experian and T-Mobile. Thus, venue is proper in the Central
24 District.

25

26 **II.    CONVENIENCE AND FAIRNESS**

27 Both plaintiff and Experian have requested that this case be transferred to the Central
28 District. T-Mobile, however, opposes the motion to transfer. Although Experian moved to

4

transfer venue before T-Mobile moved to compel arbitration, T-Mobile argues the Court should rule on its motion to compel arbitration before transferring the case. T-Mobile Opp'n at 4. T-Mobile argues that ruling on the arbitration motion is the most efficient means of resolution because it will move this matter from the district court to arbitration. *Id*. This argument assumes the Court will grant T-Mobile's motion. If the Court disagrees with T-Mobile, the Court will again face the prospect of addressing claims identical to those in *In re Experian Data Breach Litigation*. Ruling on the motion to compel arbitration first would not necessarily conserve judicial resources. Moreover, once the case is transferred, T-Mobile is free to move to compel arbitration in the Central District, where Judge Guilford is well-suited to address the issue.

Turning to the convenience and fairness factors, *see Lax*, 65 F. Supp. 3d at 776, the Central District is the best forum for these proceedings. First, plaintiff's choice of forum holds no weight here because plaintiff does not oppose transfer. *See Soundview Commc'ns, Inc. v. Lotus Mgmt., LLC*, No. 13-3402, 2013 WL 4606157, at *1 (N.D. Cal. Aug. 28, 2013) ("Because the motion is unopposed, the Court concludes that a transfer is proper."). Second, the convenience of the parties favors a transfer. The Central District has adopted a schedule for *In re Experian Data Breach Litigation*, making it convenient for the parties to join that proceeding and litigate the case in a single action. Mot. to Transfer at 8. Third, convenience of witnesses favors transfer. Expert witnesses will testify in the Central District and key Experian witnesses are located in the Central District. *Id*. Fourth, ease of access to evidence favors transfer. The Central District will oversee extensive e-discovery, depositions, and document review. *Id*. Fifth, familiarity with applicable law favors transfer. Judge Guilford is well-acquainted with the governing law, having presided over the related action for over a year already. Sixth, feasibility of consolidation favors transfer. Judge Guilford has ordered that all similar claims transferred or filed in the Central District shall be consolidated in *In re Experian Data Breach Litigation*. Consolidation is both feasible and likely. Seventh, the local interest factor is neutral. Neither district appears to have a particular local interest in the controversy. And finally, relative docket congestion and time to trial neither favor nor disfavor a transfer. Given this case is likely to be consolidated with *In re Experian*, any additional docket congestion in the Central District is largely irrelevant. As *In re Experian* has

been pending for over a year already, time to trial in the Central District could be shorter. On balance, the interests of convenience and fairness weigh in favor of transfer. Accordingly, the Court hereby GRANTS Experian's motion to transfer venue.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue to the Central District of California is GRANTED. T-Mobile's motion to compel arbitration is DENIED without prejudice to T-Mobile refiling its motion in the Central District.

This order resolves Dockets 16, 28.

**IT IS SO ORDERED.**

Dated: February 23, 2017

SUSAN ILLSTON
United States District Judge